SLIP OPINION

Cite as 2014 Ark. App. 694

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–14–665

|  |  |
|---|---|
| | Opinion Delivered December 3, 2014 |
| KATHRYN KILMER<br>APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. JV-13-375] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD | HONORABLE VICKI SHAW COOK, JUDGE |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

The Garland County Circuit Court terminated the parental rights of appellant Kathryn Kilmer to her son, T.K. (dob 12-13-10).[1] Kilmer's counsel has filed a motion to withdraw and a no–merit brief, pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[2] and Arkansas Supreme Court Rule 6-9(i),[3] contending that there are no meritorious grounds to support an appeal. The clerk of our court mailed a certified copy of counsel's motion and brief to appellant, informing her of her right to file pro se points for reversal. Appellant has filed pro se points for reversal. The Arkansas Department of Human Services (DHS) and the

---

[1]The court also terminated the putative father's parental rights. However, the father's termination is not the subject of this appeal.

[2]359 Ark. 131, 194 S.W.3d 739 (2004).

[3](2013).

ad litem chose not to file a brief. However, they did file a joint response to appellant's pro se points. We affirm the termination order and grant counsel's motion to withdraw.

DHS took emergency custody of T.K. on May 10, 2013, after appellant was arrested for contempt, and there was no other legal caretaker for T.K. DHS petitioned the court for emergency custody on May 15, 2013. The court issued an ex parte order for emergency custody on May 20, 2013. The child was adjudicated dependent in an order filed June 28, 2013, based on the lack of a caretaker.[4] The adjudication order established a goal of reunification and ordered appellant to do a number of things before T.K. could be successfully returned to her custody. In a consent order filed September 17, 2013, the court placed T.K. in the temporary custody of appellant while appellant attended an inpatient treatment program.

DHS filed a motion for ex parte emergency change of custody on November 26, 2013. According to the affidavit filed with the motion, DHS took a seventy-two hour hold on T.K. on November 22, 2013, due to alleged harm and inappropriate care. More specifically, AR Cares, the residential treatment facility where appellant was living with T.K., contacted DHS due to its concerns that appellant could no longer parent T.K. in a safe manner. The facility also informed DHS that it planned to discharge appellant due to appellant's extreme mental health issues.[5] The court entered an order of emergency change of custody on December 2, 2013. T.K. was adjudicated dependent–neglected in an order filed January 31, 2014, based

---

[4]He was not adjudicated neglected at this time.

[5]This was the second residential treatment facility appellant had been discharged from due to her mental problems.

SLIP OPINION

SLIP OPINION

on neglect and abandonment. The court made a finding that appellant had subjected T.K. to aggravated circumstances by abandoning him. A permanency-planning hearing took place on March 5, 2014. The court entered an order that same day changing the case's goal to termination of parental rights.

DHS filed a petition for the termination of appellant's parental rights on March 24, 2014. The petition listed three possible grounds for termination: (1) that appellant had abandoned the child;[6] (2) that subsequent to the filing of the original petition for dependency-neglect, other factors or issues arose which demonstrate that return of the child to the family home is contrary to his health, safety, or welfare and that, despite the offer of appropriate family services, appellant had manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the circumstances which prevent return of the child to appellant;[7] and (3) that appellant had subjected the child to aggravated circumstances.[8]

The termination hearing took place on April 30, 2014.[9] At the conclusion of the hearing, the court granted DHS's petition. The order terminating appellant's parental rights was entered on that same date. It stated in pertinent part:

C) that throughout this time, the mother . . . [has] not followed this Court's orders or the ADHS case plan, [has] failed to remain clean and sober, [has] failed to submit to random drug screens, [has] failed to maintain regular contact with the DCFS caseworker and CASA advocate, [has] failed to maintain stable housing and stable

---

[6]Ark. Code Ann. § 9-27-341(b)(3)(B)(iv) (Supp. 2013).

[7]Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*) (Supp. 2013).

[8]Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*)(*3*) (Supp. 2013).

[9]Appellant was not present at this hearing, although she had notice of it.

3

employment, [has] failed to complete a course of parenting instruction, and [has] failed to demonstrate the ability to provide for the health, safety, and welfare of the juvenile; D) that the mother . . . [has] abandoned the juvenile; specifically,. . . the mother has not stayed in contact with the DCFS caseworker or the CASA volunteer and neither the Department nor the CASA volunteer know where the mother is; and, the mother has not had contact with the juvenile in the last several months; the Court made a previous finding of abandonment by clear and convincing evidence at the adjudication hearing of this matter on January 30, 2014, and said finding was not appealed and the time for filing an appeal has run;

E) that the mother . . . [has] been found by the Court to have subjected the juvenile to aggravated circumstances. "Aggravated circumstances" means: A juvenile had been abandoned, chronically abused, subjected to extreme or repeated cruelty, sexually abused, sexually exploited, or a determination had been or is made by a judge that there is little likelihood that services to the family will result in successful reunification; or, a child or a sibling has been neglected or abused such that the abuse or neglect could endanger the life of the child[.] [S]pecifically, at the Adjudication hearing of this matter on January 30, 2014, the Court found by clear and convincing evidence that the mother . . . [had] subjected the juvenile to aggravated circumstances in that the mother . . . [had] abandoned the juvenile; and . . . the mother . . . [did not appeal] said finding and the time for filing an appeal has run;

F) that subsequent to the filing of the original emergency petition, other factors or issues arose which demonstrate that return of the juvenile to [the] mother['s] . . . home . . . is contrary to the juvenile's health, safety and welfare; and that, despite the offer of appropriate family services, the mother . . . [has] manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate [her] circumstances which prevent return of the juvenile to [the] mother['s] . . . home[.] [S]pecifically, the mother . . . [has] abandoned the juvenile and this case after being properly served with process according to Arkansas law; that [her] abandonment of the juvenile and this case demonstrates [her] incapacity or indifference to remedy the circumstances that prevent return of the juvenile and achieve the goal of reunification.

In terminating appellant's parental rights, the court found that T.K was adoptable and that potential harm existed if he was returned to appellant. This timely appeal followed.

Counsel contends that this appeal is without merit. After carefully examining the record, the brief, and Kilmer's pro se points, we hold that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination

cases,[10] and we conclude that the appeal is wholly without merit.[11]  Accordingly, we affirm

the order terminating appellant's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

WYNNE and GRUBER, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, Dependency-Neglect Appellate

Division, for appellant.

No response.

---

[10]In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. The petition must include an argument section listing all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explaining why each adverse ruling is not a meritorious ground for reversal.  The petition must also include an abstract and addendum containing all rulings adverse to the appellant made at the hearing from which the order on appeal arose.  Ark. Sup. Ct. R. 6-9(i) (2013).

[11]While appellant has filed pro se points, she points to no specific error by the trial court and generally states that she wants to be given another chance.